# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KENNETH BYNDOM,

        Plaintiff,

v.                                           Case No:   6:23-cv-1971-JA-LHP

WAFFLE HOUSE, INC. and EAST
COAST WAFFLES, INC.,

        Defendants

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **TIME SENSITIVE PLAINTIFF'S MOTION TO COMPEL AND RESCHEDULE DEPOSITION (Doc. No. 20)** |
| **FILED:** | April 15, 2024 |

**THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

Plaintiff filed an amended motion.  *See* Doc. No. 21.

| | |
|---|---|
| **MOTION:** | **TIME SENSITIVE PLAINTIFF'S AMENDED MOTION TO COMPEL AND RESCHEDULE DEPOSITION (Doc. No. 21)** |

> **FILED:** April 16, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

This matter concerns an incident where Plaintiff, while patronizing a Waffle House restaurant, was allegedly stabbed in the eye by an employee of the restaurant. Doc. No. 19; *see also* Doc. No. 1-3. By the present motion, Plaintiff moves to compel "better discovery responses" from Defendants Waffle House, Inc. and East Coast Waffles, Inc., or alternatively, to reschedule Plaintiff's deposition which has been set for April 25, 2024. Doc. No. 21. Specifically, Plaintiff says that Defendant Waffle House, Inc. has refused to produce photographs and videos of the incident, information relevant in this case, and has asserted improper and unsupported objections thereto, and Plaintiff argues that he is entitled to this discovery prior to his deposition. *Id.* at 1–2 (discussing Requests for Production 1–6, 11, *see id.* at 8–9).

Neither Waffle House, Inc. nor East Coast Waffles, Inc. have timely responded to the motion. *See* Doc. No. 15 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion); *see also* Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the Court deems the motion to be unopposed in all respects. *See* Doc. No. 15 ¶ 5 (stating that failure to file a timely

response *will* result in the discovery motion being deemed unopposed); *see also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, and the related discovery attached, the Court finds Plaintiff's motion well taken, for the most part. However, upon review of the record, Defendant East Coast Waffles, Inc. was added as a Defendant on April 2, 2024. Doc. No. 19. The discovery was served on and responded to by Waffle House, Inc. alone, prior to East Coast Waffles, Inc. being named as a Defendant (although the discovery indicates that East Coast Waffles, Inc. is Waffle House, Inc.'s wholly owned subsidiary). *See* Doc. No. 21, at 5–26. Accordingly, this Order compels compliance with the discovery requests as it relates to Waffle House, Inc. alone. *See, e.g.*, *Campbell v. Universal City Dev. Partners, Ltd.*, No. 6:20-cv-846-PGB-LHP, 2023 WL 6620939, at *2 (M.D. Fla. Oct. 11, 2023) (citing *Burgholzer v. Costco Wholesale Corp.*, No. 3:10-cv-931-J-20JRK, 2011 WL 13141504, at *2 (M.D.

Fla. Dec. 8, 2011) (motion to compel must be based on a formal discovery request). Also, given that Plaintiff requested a "ruling by April 22, 2024," but that left insufficient time for Defendants to respond to the motion, *see* Doc. No. 15, the Court postpones Plaintiff's deposition as set forth in this Order.

Accordingly, based on the above, it is **ORDERED** as follows:

1. Plaintiff's Time Sensitive Amended Motion to Compel and Reschedule Deposition (Doc. No. 21) is **GRANTED in part and DENIED in part**.

2. On or before **May 7, 2024**, **Defendant Waffle House, Inc**. shall produce all documents in its current possession, custody, or control responsive to Plaintiff's First Requests for Production 1–6, 11.  *See* Doc. No. 21, at 8–9.

3. All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4. Plaintiff's April 25, 2024 deposition is **SUSPENDED** pending production of the discovery outlined in this Order.  On or before **May 7, 2024**, the parties shall meet and confer on the selection of a new date for Plaintiff's deposition.  On or before expiration of this deadline, the parties shall file a joint notice of the rescheduled deposition date.

- 5 -

5. Plaintiff's Amended Motion (Doc. No. 21) is **DENIED in all other respects**.[1]

**DONE** and **ORDERED** in Orlando, Florida on April 23, 2024.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Plaintiff does not request an award of fees and costs or any other relief in his motion, *see* Fed. R. Civ. P. 37(a)(5); accordingly, the Court declines to award any further such relief at this time.